IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.  Crim. 1:09CR463

ERIS ARGUERA

DEFENDANT'S POSITION IN REGARD TO SENTENCING

COMES NOW the Defendant, Eris Arguera, by counsel, and for his position with respect to sentencing states as follows.

1. The Defendant has reviewed the Presentence Report.  The Defendant disagrees with the Guideline calculation as described in PSR ¶ 63 and Worksheet A.  That is, the Probation Officer describes this as First Degree Murder and uses USSG § 2A1.1(a) BOL 43 in her calculations.  We submit that this was a robbery gone astray and the most appropriate Guideline is § 2A1.2, Second Degree Murder, BOL 38.  In sum, Mr. Arguera did not go to the crime scene with the intention of killing anyone.  A fight erupted at the scene; Mr. Arguera used a weapon (see PSR ¶¶ 27 – 28).

2. That attached to this pleading is a letter from Eris Arguera that describes the circumstances of this crime (Ex. #1).  The Defendant asks the Court to review this exhibit.

3. Pursuant to 18 U.S.C. § 3553(a), the Defendant wishes to highlight several factors for the Court's consideration:

   A. Mr. Arguera is a national of El Salvador (PSR ¶ 45).  He entered the United States unlawfully in 2005 (PSR ¶ 47).  He has a second grade education (see PSR ¶ 59).  Because of his unlawful status in the United States, and his plea

1

in the instant case, Mr. Arguera will be deported following the completion of his sentence.

     B. This is the Defendant's first conviction.

     C. The Defendant 's mother was killed by MS-13 in or about 2007 (see PSR ¶ 50 and Exhibit 2 death certificate). In sum, the Defendant understood the cost of not following gang orders relative to the instant case and Mr. Portillo. Consistent with this conclusion is the description of what happened in the car immediately prior to the shooting as described by co-defendant Alcides Umana (see PSR ¶ 28, "Umana recalled that Portillo was the first to shoot the victim because he turned to Arguera and stated, 'You have a gun, so shoot").

     D. Mr. Arguera has been evaluated by Dr. Neil Blumberg. Attached to the PSR are Dr. Blumberg's findings and conclusions. Noteworthy is that on page 8 of his report Dr. Blumberg states:

> Mr. Arguera acknowledged participating in the current offense. He denied any plan to injure or kill the victim but noted that when Mr. Luna began struggling with his co-defendant, during which shots were fired, he also shot the victim once in the back after being commanded to do so by his co-defendant. He believed that he had no alternative and that failure to help Adolfo would result in his own death.

     E. As described above, Mr. Arguera did not intend to kill Mr. Luna. Rather, the intent was to keep Luna alive so as to use Luna's prostitution ring to fund the protection racket promoted by clique leader and co-defendant Portillo.

   WHEREFORE, the Defendant requests a combined sentence under Counts One and Three of one hundred eighty (180) months.

                                          Eris Arguera
                                          by counsel

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Eris Arguera
Law Offices of Jerome P. Aquino
5901 Kingstowne Village Parkway, #302
Alexandria, Virginia 22315-5883
(703) 549-1131
Fax 703-549-5750
jeromeaquino@vacoxmail.com

Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 18th day of June, 2010, which will send a notification of such filing (NEF) to the following:  to Morris Parker, Assistant U.S. Attorney, 2100 Jamieson Avenue, Alexandria, Virginia 22314.

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Eris Arguera
Law Offices of Jerome P. Aquino
5901 Kingstowne Village Parkway, #302
Alexandria, Virginia 22315-5883
(703) 549-1131
Fax 703-549-5750
jeromeaquino@vacoxmail.com